**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED BY _____ D.C.

03 JUL 23 PM 3: 14

CLARENCE MADDOX
CLERK U S DIST CT.
S.D. OF FLA - MIA

John Monaco, individually and on
behalf of all others similarly situated

     Plaintiff,

vs.

BMW Financial Services NA, LLC

     Defendant

_____/

03 Case No. 21977

CIV - SEITZ

MAGISTRATE
BANDSTRA

## CLASS COMPLAINT

     Plaintiff, John Monaco, (hereinafter "Monaco") individually and on behalf of all other persons similarly situated, alleges against Defendant BMW Financial Services NA, LLC (hereinafter "BMW"), the following:

     1.     The class action is based on Defendant's improper assessment of fees under the guise of "taxes" at the end of consumer-automobile leases.  Plaintiff and the Class allege that Defendant, an automobile leasing company, and other entities with which it is affiliated by common ownership, control or contract, charged unlawful fees under the guise of a "tax" related to excess mileage, excess wear and tear, and disposition fees.  Florida law does not authorize the imposition of, or the collection of monies for, taxes of any kind related to excess mileage, excess wear and tear, and disposition fees in automobile leases.

     2.     Plaintiff seeks the certification of a class pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3).  Plaintiff alleges claims for Defendant's violation of the Consumer Leasing Act; violation of Florida Statute §501.201, et. seq., (i.e. Florida's Deceptive and Unfair Trade Practices Act); violation of Florida Statute 212.01 *et seq.* (i.e. the Florida Revenue Act),



Article Vii, §1 of the Florida Constitution; and Defendant's Breach of Contract and Unjust Enrichment under Florida Common Law.

### Subject Matter Jurisdiction

3.       Jurisdiction is proper in the Southern District of Florida pursuant to 28 U.S.C. §1331 in relation to Plaintiff's claims under the Consumer Leasing Act 15 U.S.C. § 1667, *et. seq.* Jurisdiction is also proper relating to this Court's supplemental jurisdiction in accordance with 28 U.S.C. 1367 for such claims of violation of Florida Statute § 501.201, *et seq.*, i.e. Florida's Deceptive and Unfair Trade Practices Act; violation of Florida Statute 212.01 *et seq.* , i.e. the Florida Revenue Act, the Florida Constitution, and Florida common law claims of Breach of Contract and Unjust Enrichment.

### Venue

4.       Venue is proper in the Southern District of Florida as Defendant entered into contracts with members of the Class in this District and/or is doing business in this District.

### Parties

5.       Plaintiff John Monaco, as class representative, is sui juris and a citizen of the State of Florida.

6.       Defendant BMW is a corporation incorporated in the state of Delaware with its principle place of business in the state of New Jersey.  Defendant is doing business in the state of Florida and specifically in the Southern District of Florida.

### Common Allegations

7.       Plaintiff entered in an automobile leasing agreement with the Defendant under Account No. 3000239971 for a term of 36 months. *See* Lease Agreement attached hereto as Exhibit A.  Like Plaintiff, the Class entered into common automobile leasing agreements with the

Defendant for their respective vehicles. Under these agreements, Plaintiff, the Class and Defendant each had mutual obligations pursuant to the standard of terms of conditions. Defendant was required to provide motor vehicle as designated for use by the Plaintiff and the Class for a specified period.  In exchange, the agreements obligated the Plaintiff and the Class to periodic payments as defined therein.

       8.     The leasing agreements also contain various common terms and conditions.  For example, at the end of the lease term for each individual lessee, each lessee was required to pay one or more of the following:

         a.     A specified disposition fee if applicable;

         b.     All past due monthly payments and other charges under the lease;

         c.     Any amounts owed as a result of excessive wear and use;

         d.     Any excess mileage charges;

         e.     Any taxes related to the termination.

       9.     At the expiration of the lease the Plaintiff and the Class were billed and subsequently paid to the Defendant the amounts charged..

       10.     However, in breach of the leasing agreements and various laws, Defendant itemized, charged and collected monies from Plaintiff and the Class for charges that Defendant failed to disclose through its own deceptive practices.  Specifically, Defendant charged taxes on excess wear and use, excess mileage, and/or disposition fees.[1]

       11.     These charges, which the Defendant labeled as "taxes", are in fact not taxes at all, but rather excessive charges which the Defendant deceptively and unfairly collected in

---

[1]  The payments made Plaintiff relate to a tax of 6% to 6.5% on various items.

violation of Florida law[2] as well as the leasing agreements with the Plaintiff and the Class.

12.     According to Florida Statutes Section 212.05 which governs sales, storage, and

use tax:

> It is hereby declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of selling tangible personal property at retail in this state...or who rents or furnishes any of the things or services taxable under this chapter...and who leases or rents such property within the state....
>
> (1)For the exercise of such privilege, a tax is levied on each taxable transaction or incident, which tax is due and payable as follows:
>
> .................................................................................................................................
>
> (c) At the rate of 6 percent of the gross proceeds derived from the lease or rental of tangible personal property, as defined herein.

13.     Pursuant to Florida law, if service charges or fees incidental to a sale or lease are

imposed at the option of a vendor or lessor, those service charges or fees are a part of the "sales

price" and are subject to the sales tax imposed under Florida Statute 212.05.  However, *if such*

*service charges or fees are itemized separately and applied at the sole option or election of the*

*vendee or lessee, or can be avoided by decision or action on the part of the vendee or lessee*

*alone, then those charges and fees are only incidental to the sale, are not part of the "sales*

*price," and are not subject to sales tax.*

14.     As alleged, the Defendant charged through itemization and subsequently

collected from the Plaintiff and the Class taxes on items such as excess wear, excess mileage, and

disposition.  However, the taxes were unlawful because Plaintiff and each class member could

have avoided the items by its own decision and/or action.  Specifically, the Plaintiff and the class

members could avoid excess wear by taking care of their leased vehicles and/or limiting exposure

---

 [2] These charges additionally violate the Consumer Lease Act 15 U.S.C.S. § 1667 et al. as more fully described below.

to elements that would cause a specific amount of excess wear, if any. Similarly, the Plaintiff and the class members could avoid excess mileage by not driving their automobiles over a certain amount of designated miles as agreed upon in their leasing agreements. Finally, the Plaintiff and the class members could avoid a disposition fee by taking the action at the end of the lease of purchasing the vehicle and/or re-leasing the vehicle which would obviate the disposition charge. However, the Defendant charged tax on these items without regard to the actions of the Plaintiff and any Class member. As a result of Plaintiff and the Class members' ability to take certain actions to avoid the above charges, in accordance with Florida law, the above charges are merely incidental to the lease, are not part of total leasing amount, and therefore not subject to state taxation.

15.    Defendant, however, engaged in a systematic and deceptive practice of disguising additional charges at the end of the lease. Such charges which were not initially disclosed to Plaintiff and the Class at the time they entered leases with Defendant. By labeling the charges as taxes, Defendant deceived Plaintiff and the Class by acting as a "valid tax collector" and advising the Class through common and written representation, that such purported  taxes were actually and lawfully owed by Plaintiff and the Class at the conclusion of their respective leases.

16.    Defendant's deceptive practice of labeling the additional charges as taxes are not only violative of its consumer leasing disclosure obligations but further violative of the individual leasing contracts as Defendant has imposed charges upon Plaintiff and the Class that are not disclosed in the lease. Additionally, such taxes are unconstitutional as they do not comport with any Statute and/or Administrative Code that would permit the Defendant to collect

taxes for these items and/or services.[3]

17.     Defendant's actions in labeling such charges as taxes that Plaintiff and the Class were required by law to pay to the Defendant were deceptive. The "tax" label creates the impression that such charges were required by the terms of the lease and, thereby constituted a valid charge pursuant to the lease terms.

18.     However, Florida law does not authorize the imposition of taxes related to excess wear and use and/or excess Mileage or any disposition fee. Since the Florida Constitution mandates that "no tax is authorized except in pursuance of law," and no statute, rule, code, regulation or other law authorizes the imposition and collection of taxes, Defendant's collection of taxes on excess wear, excess mileage and disposition fees in automobile leases violates the Florida Constitution and Federal and state statutory provision as well Florida common law.

19.     Defendant benefitted from its unlawful imposition and collection of so-called taxes. Defendant either (a) retained the money it collected under the guise of a "tax" and did not pass it on to the Florida Department of Revenue or (b) benefitted from the use of such monies during the time period commencing on the date of collection from Plaintiff and the Class and terminating as such monies were forwarded to the government.

20.     As a result of the Defendant's unlawful conduct, Plaintiff and the Class have been damages by the actual monies they paid to Defendant for purported taxes that Defendant had no right to charge or collect form Plaintiff and the Class.

---

[3]  According to Florida Constitution Art. VII, §   1(a) "no tax shall be levied except in pursuance of law."

### *Plaintiff Class Representation Allegations*

### *Class Definition*

21.     Plaintiff brings this action in his own capacity and on behalf of all Florida

residents and entities who leased automobiles through standard leasing agreements from

Defendant and paid Defendant monies for charges that were labeled as taxes for excess wear,

excess mileage, and disposition fees.  Excluded from Class are Defendant's employees, legal

representatives, heirs, successors, and agents, as well as any entity in which Defendant has a

controlling interest.  Plaintiff seeks the certification pursuant to Rule 23 (b)(2) and (3), Fed. R.

Civ. P.

22.     Pursuant to Rule 23, Fed R. Civ. P., the Class includes (4) subclasses:

A.     The "one year" Subclass:  Those similarly situated individuals in the state of Florida who have leased automobiles through standard leasing agreements which are owned by the Defendant BMW and who have paid improper taxes on excess mileage, excess wear, and disposition fees at the termination of their respective automobile leases for a period of not exceeding one year previous from the date of filing of the above styled matter; Plaintiff Monaco is the representative of this subclass which asserts claims for violation of the Consumer Leasing Act;

B.     The "three year" Subclass: Those similarly situated individuals in the state of Florida who have leased automobiles through standard leasing agreements which are owned by the Defendant BMW and who have paid improper taxes on excess mileage, excess wear, and disposition fees at the termination of their respective automobile leases for a period of not exceeding three years previous from the date of filing of the above styled matter; Plaintiff Monaco is the representative of this subclass, which asserts claims for violation of Florida Statute 212.01 and the Florida Constitution.

C.     The "four year" Subclass: Those similarly situated individuals in the state of Florida who have leased automobiles through standard leasing agreements which are owned by the Defendant BMW and who have paid improper taxes on excess mileage, excess wear, and disposition fees at the termination of their respective automobile leases for a period of not exceeding four years previous from the date of filing of the above styled

matter; Plaintiff Monaco is the representative of this subclass, which
asserts claims for violation of Florida's Unfair and Deceptive Trade
Practices Act and Unjust Enrichment;

D.     The "five year" Subclass: Those similarly situated individuals in the state
of Florida who have leased automobiles through standard leasing
agreements which are owned by the Defendant BMW and who have paid
improper taxes on excess mileage, excess wear, and disposition fees at the
termination of their respective automobile leases for a period of not
exceeding five years previous from the date of filing of the above styled
matter; Plaintiff Monaco is the representative of this subclass, which
asserts claims for Breach of Contract.

23.     *Numerosity*: The class is so numerous that joinder of all members is

impracticable. While the exact number of class members is unknown to Plaintiff at this time,

Plaintiff believes in good faith that the Class includes tens of thousands of Florida citizens and

entities who leased vehicles from Defendant during the class period.

24.     *Typicality*: : The claims or defenses of the representative parties are typical of the

claims or defenses of the class as more fully described below such that they arise from the same

event and/or practice or pattern of the Defendant and are based on the same legal theory.

25.     *Adequacy*: Plaintiff will fairly and adequately protect the Class' interests and has

retained counsel competent and experienced in class-action litigation. Plaintiffs interests are

coincident with, and not antagonistic to, absent Class members' interests because by proving his

individual claims he will necessarily prove Defendant's liability as to the Class claims. Plaintiff

also is cognizant of, and determined to, faithfully discharge his fiduciary duties to the absent

class members as the Class Representative.

26.     ***Commonality and Predominance***: The questions of law and fact common to the

claims of each Class member overwhelmingly predominate over any questions of law or fact

affecting only individual members of the Class. Questions of law and fact common to the Class

include, but are not limited to, the following:[4]

A. Whether Plaintiff and the Class entered common leasing agreements with Defendant;

B. Whether Defendant charged and collected from Plaintiff and the Class an amount designated as taxes for excess mileage;

C. Whether Defendant charged and collected from Plaintiff and the Class an amount designated as taxes for excess wear;

D. Whether Defendant charged and collected from Plaintiff and the Class an amount designated as taxes for a disposition charge;

E. Whether Florida law authorizes the imposition of a tax for excess wear in automobile lease;

F. Whether Florida law authorizes the imposition of a tax for excess mileage in an automobile lease;

G. Whether Florida law authorizes the imposition of a tax for disposition fees in an automobile lease;

H. Whether Defendant remitted to the Florida Department of Revenue the monies it charged to and collected from Plaintiff and the Class as a tax;

I. Whether the Defendant is liable for violation of the Consumer Leasing Act;

J. Whether the Defendant is liable for violation of Florida Statute 212.01 *et seq.*, i.e. the Florida Revenue Act and Florida Constitution Art. VII, §1(a);

K. Whether the Defendant is liable for breach of contract;

---

[4] The list of common questions or law and fact is not intended to be exhaustive; by setting forth this argument, Plaintiff does not waive his right to assert additional claims against Defendant or raise additional common questions of fact.

L.      Whether the Defendant engaged in unfair and deceptive practices;

M.      Whether the Defendant has been collectively unjustly enriched by the improper collection of taxes;

N.      Whether the Plaintiff and the Class members were damaged by Defendant's improper conduct and if so, what is the proper measure of damages.

### *Superiority*

27.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation effectively makes it impossible for individual Class members to seek redress for the wrongs complained of herein.

### *Manageability*

28.     There are no unusual difficulties likely to be encountered in the management of this action as a class suit that could not be managed by this Court.  The advantages of maintaining the action as a class suit far outweigh the expense and waste of judicial effort that would result in hundreds of separate adjudications of these issues for each class member because the basic class wide liability issues will be determined at the first stage of the bifurcated proceeding.  A simple notice and second stage claims process will follow if applicable.  The second stage will provide Defendant an opportunity to challenge such documentation and/or assert any affirmative defense.

29.     Class treatment further insures uniformity and consistency in results and will provide optimum compensation of Class members for their injuries and deterrence of Defendant and other similar businesses from engaging in such wrongful acts in the future.

30.     Defendant has acted on grounds generally applicable to the class, thereby making

appropriate final injunctive relief as to the Class as a whole, and that would likewise benefit future customers of Defendant, that would prohibit Defendant from charging and collecting unlawful fees under the guise of "taxes."

### Count I
### Violation of 15 U.S.C. § 1667, et. seq.
### The Consumer Leasing Act

31.    The Plaintiff and the Class reallege and reaver paragraphs one through twenty-nine as though fully set forth herein.

32.    Plaintiff and the Class bring this Count pursuant to the Consumer Leasing Act, 15 U.S.C. §1667, *et seq.*

33.    This Count involves violation of the above state Federal Provision concerning the leasing of automobiles to the Plaintiff and the Class.  The Plaintiff and the Class, respectively, entered into consumer leases for a period of time exceeding four months and for a total contractual monetary obligation not exceeding $25,000.

34.    The Plaintiff and the Class are lessees as defined by 15 U.S.C. §1667(2) whose leases have expired and such wrongful payments were made within a period of one year from the date of filing of the above styled matter.  The Plaintiff and the Class have entered into lease agreements pre-printed at the direction of BMW, which leases provide the basis for imposition of various taxes.

35.    The Defendant is a lessor as defined by 15 U.S.C. §1667(2) which regularly engages in leasing, offering to lease, and/or arranging to lease under a consumer lease.

36.    As stated above, the Plaintiff and the Class entered into identical and/or similar pre-printed lease agreements with the Defendant.  As described therein, the standard leasing agreement sets out various charges to be paid at the end of the lease including but not limited to a

specified disposition fee, all past due monthly payments and other charges under the lease, any amounts owed as a result of excessive wear and use, any excess mileage charges; and any taxes related to the termination.

37.     However, the Defendant charged the Plaintiff and the Class the additional fee of taxes related to excess wear, excess mileage, and/or disposition fees.  As described more fully above, the taxes on such charges are impermissible in the state Florida such that they can be avoided by actions taken by the individual lessee.

38.     The Defendant, however, despite its knowledge that such charges were not allowed in accordance with Florida law, set out such charges at the end of the leases on an itemized statement, advised the Plaintiff and the Class in its agreements that failure to pay such amounts could result in penalties and/or fines that would be the sole responsibility of the lessee, and ultimately collected such payments related to the impermissible charges..

39.     The Defendant has thereby violated the 15 U.S.C. §1667, *et seq.*, the Consumer Leasing Act and its applicable provisions in the following manner:

    a.     Failing to give to each lessee prior to the consummation of the lease a dated written statement setting out accurately the amount paid or payable by the lessee for official fees and taxes in accordance with 15 U.S.C. §1667a(3).

    b.     Failing to give to each lessee prior to the consummation of the lease a dated written statement setting out accurately and/or clearly and conspicuously the amount or method of determining the amount of any liabilities the lease imposes upon the lessee at the end of the terms in accordance with 15 U.S.C. §1667a(5).

40.     The Defendant additionally violated the Consumer Leasing Act and its applicable provisions by charging additional fees under the guise of taxes on penalties related to excess wear, excess mileage, and/or disposition fees which such additional fees under the guise of taxes were not reasonable in the light of the anticipated or actual harm pursuant to 15 U.S.C. § 1667b(b).

41.     The Defendant's failure to comply with the above quoted statutory provisions are neither unintentional nor bona fide errors except to the extent, if any, of any error in legal judgment.

42.     As a direct and proximate result of such violations the Plaintiff and the Class have incurred actual damages and additional compensatory damages relating to monies they paid to the Defendant who ultimately profited therefrom.  Such damages related to the actual damages incurred by the Plaintiff and the Class, the frequency and persistence of failures of compliance by the Defendant, the resources of the Defendant, and the number of persons adversely affected by its intentional actions.

43.     Plaintiff has retained the services of the undersigned counsel who are entitled to a reasonable fee upon prevailing.

WHEREFORE, the Plaintiff demands, on behalf of himself and the Class, the following

A.      The court take jurisdiction of the parties and the subject matter hereto;

B.      The court certify the class as alleged and permit the present cause of action to proceed and be prosecuted as a class action with Plaintiff as the designated class representative;

C.      The court enter an appropriate money judgment against the Defendant in the amount of actual damages pursuant to 15 U.S.C. § 1640(a)(1)

D.     The court enter the appropriate injunctive relief that will prevent the Defendant from any further collection of such monies in the present and/or future.

E.     The court enter an award of statutory damages against the Defendant in the lessor amount of $500,000.00 or 1 per cent of the net worth of the Defendant pursuant to 15 U.S.C. § 1640(2)(B)

F.     Alternatively to Section C of this paragraph, the court enter an order certifying the class as described above, order the Defendant to accept an assignment of tax payer rights from the class as certified, seek a tax payer refund pursuant to the assignment of rights as a result of the Defendant's improper collection of taxes, and subsequently remit such monies to the Plaintiff which the Plaintiffs will then allocate appropriately on behalf of the class.

G.     Alternatively to Section C of this paragraph, the court enter an order certifying the class as described above, order the Defendant to give an assignment of rights to the class as certified so that it can subsequently obtain a refund from the Department of Revenue which the Plaintiffs will then allocate appropriately on behalf of the class.

H.     The court enter an order taxing costs, including class notice cost if applicable, against the Defendant;

I.     The court award pre-judgment and post judgment interest to the Class, as allowed by law;

J.     The court award attorneys' fees pursuant to 15 U.S.C. § 1640(a)(3); and

K.     The court grant such other and further relief as to the court may appear just and proper.

## *Count II*
## *Breach of Contract*

44.     The Plaintiff and the Class reallege and reaver paragraphs one through twenty-nine as though fully set forth herein.

45.     As stated above, the Plaintiff and other similarly situated individuals entered into leasing contracts with the Defendant.

46.     According to the leasing agreement the Plaintiff and the Class and the Defendant each had rights and obligations which they were required to satisfy.  Specifically, the Defendant offered a vehicle for lease to the Plaintiff and the Class for defined period of time that exceeded four (4) months.  In exchange for the use of this vehicle, the Plaintiff and the Class were required to make periodic payments as defined in the leasing agreement.  At the termination of the lease the Plaintiff and the Class had additional obligations under the contract to pay various charges if applicable.  These charges included but are not limited to excess wear, excess mileage, and disposition fees upon turning in the vehicle.  Additionally, the leasing contracts state that the Plaintiff class members will pay applicable taxes related thereto.  The Plaintiff and the Class have satisfied all obligations and conditions precedent related to their respective contractual agreements.

47.     However, the Defendant charged not only for the items as enumerated above but set forth additional charges which it represented that the Plaintiff and the Class was required to pay pursuant to the contract which it subsequently collected from the Plaintiff and the Class. These charges consisted of sales taxes on the above items and were purportedly referring to the section in the lease agreement related to payment of applicable taxes.

48.     However, as more fully described above, due to the fact that the Plaintiff and the

Class could avoid such charges due to their own actions, such taxes on the itemized billings of the Defendant were improper and not applicable in accordance with the leasing agreement.

49.     As such, the Defendant breached the leasing agreements of the Plaintiff and the Class by charging monies that were not listed in the agreements nor agreed upon by the Plaintiff class members and further collecting such monies in violation thereof.

50.     As a result of the Defendant's breach of the leases of the Plaintiff and the Class have been damaged in the amount of monies that were payed to the Defendant pursuant to improperly collected taxes as well as interest on such monies related thereto.

WHEREFORE, the Plaintiff demands, on behalf of himself and the Class, the following

A.     The court take jurisdiction of the parties and the subject matter hereto;

B.     The court certify the class as alleged and permit the present cause of action to proceed and be prosecuted as a class action with Plaintiff as the designated class representative;

C.     The court enter an appropriate money judgment against the Defendant in the amount of the improperly collected sales taxes, plus any incidental or consequential damages and prejudgment interest at the rate allowed by law;

D.     The court enter the appropriate injunctive relief that will prevent the Defendant from any further collection of such monies in the present and/or future.

E.     Alternatively to Section C of this paragraph, the court enter an order certifying the class as described above, order the Defendant to accept an assignment of tax payer rights from the class as certified, seek a tax payer refund pursuant to the assignment of rights as a result of the Defendant's improper collection of taxes, and subsequently remit such monies to the Plaintiff and the Class which will then

be allocated appropriately on behalf of the class;

F.      Alternatively to Section C of this paragraph, the court enter an order certifying the class as described above, order the Defendant to give an assignment of rights to the Plaintiff and the Class as certified so that it can subsequently obtain a refund from the Department of Revenue which the Plaintiffs will then allocate appropriately on behalf of the class;

G.      The court enter an order taxing costs, including class notice cost if applicable, against the Defendant; and

H.      The court grant such other and further relief as to the court may appear just and proper.

### *Count III*
### *Violation of the Florida Revenue Act of 1949 and*
### *Article VII, §1 of the Florida Constitution*

51.     The Plaintiff and the Class reallege and reaver paragraphs one through twenty-nine as though fully set forth herein.

52.     In accordance with Florida Administrative Code 12A-1.014(4) this Count is being brought against the above named Defendant as a dealer who collected monies purportedly to be authorized sales taxes. *As stated therein, "a tax payer who...has paid tax to a dealer when no tax is due, must secure a refund of the tax from the dealer..."* (emphasis added).

53.     As stated above, pursuant to Florida Statute 212.05 and common law interpreting such provision, if service charges or fees incidental to a sale or lease are imposed at the option of a vendor or lessor, those service charges or fees are a part of the "sales price" and are subject to the sales tax imposed under Florida Statute 212.05.

54.     However, the Defendant charged the Plaintiff and the Class sales taxes on items

and services that do not qualify as "taxable" pursuant to the above quoted statute or any additional constitutional, statutory authority, or administrative code authority. The items the Defendant taxed the Plaintiff and the Class include but are not limited to excess wear, excess mileage, disposition and similar non-taxable items. These charges are those that can be avoided by decisions or actions taken by the Plaintiff and the Class.

55.     As such these items are not subject to sales tax and the Plaintiff and the Class thereby paid sales taxes to the Defendant when no was tax was due.

56.     The Defendant's actions of collecting taxes when no taxes are due are not only in violation of the Florida Revenue Act of 1949 but are further facially violative of the Florida Constitution. Specifically, according to Florida Constitution Art. VII, § 1(a) "no tax shall be levied except in pursuance of law." In relation to the above allegations, there is no law that authorizes the Defendant to collect such taxes for these items and services. As such, the Defendant's actions of collecting such taxes are facially unconstitutional.

57.     As a result of the Defendant's violation of the Florida Revenue act as well as the Florida Constitution due to its designation as a "tax collector" under these limited circumstances, the Plaintiff and the Class have been damaged and are likewise owed the monies that it gave to the Defendant in the form of illegally charged sales taxes. In accordance with Florida Administrative Code 12A-1.014(4) the Defendant is hereby responsible for paying back to the Plaintiff and the Class such monies that it collected in violation of the above quoted legal authority.

WHEREFORE, the Plaintiff demands, on behalf of himself and the Class, the following:

A.     The court take jurisdiction of the parties and the subject matter hereto;

B.     The court certify the class as alleged and permit the present cause of action to

proceed and be prosecuted as a class action with Plaintiff as the designated class representative;

C.     The court enter an appropriate money judgment against the Defendant in the amount of the improperly collected sales taxes, plus any incidental or consequential damages and prejudgment interest at the rate allowed by law;

D.     The court enter the appropriate injunctive relief that will prevent the Defendant from any further collection of such monies in the present and/or future;

E.     Alternatively to Section C of this paragraph, the court enter an order certifying the class as described above, order the Defendant to accept an assignment of tax payer rights from the class as certified, seek a tax payer refund pursuant to the assignment of rights as a result of the Defendant's improper collection of taxes, and subsequently remit such monies to the Plaintiff and the Class which will then be allocated appropriately on behalf of the class;

F.     Alternatively to Section C of this paragraph, the court enter an order certifying the class as described above, order the Defendant to give an assignment of rights to the Plaintiff and the Class as certified so that it can subsequently obtain a refund from the Department of Revenue which the Plaintiffs will then allocate appropriately on behalf of the class;

G.     The court enter an order taxing costs, including class notice cost if applicable, against the Defendant; and

H.     The court grant such other and further relief as to the court may appear just and proper.

### Count IV
### Violation of Florida Statute § 501.201, et seq.,
### Florida's Deceptive and Unfair Trade Practices Act

58.     The Plaintiff and the Class reallege and reaver paragraphs one through twenty-nine as though fully set forth herein.

59.     Plaintiff and the Class brings this count pursuant to Florida's Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201, et. seq.

60.     At all relevant times, Defendant provided and offered services and thereby was engaged in trade or commerce as defined in Florida Statute § 501.203.

61.     At all relevant times, Plaintiff and the Class were consumers as defined by Florida Statute § 501.203

62.     Defendant committed a deceptive and unfair trade practice by:

Failing to disclose in writing to Plaintiff and the Class that the state of Florida does not permit sales taxes to be charged on such items as excess wear and use, excessive mileage, and disposition fees;

        a.     Representing to the Plaintiff and the Class in writing that the tax as itemized at the end of the lease term was an "applicable tax" as defined in the contract.

        b.     Representing to the Plaintiff and the Class in writing that such taxes were collected pursuant to state governmental authority and such charges were required to be paid, and that failure to do so would result in additional monetary penalties against the individual lessee.

        c.     Collecting such monies from the Plaintiff which the Defendant disguised as applicable, authorized, and/or official taxes that were required to be

paid by the Plaintiff.

     d.     Profiting from the collection of such improper taxes from the Plaintiff and other similarly situated through the imposition of such taxes into its stream of revenue.

63.     Defendant engaged, and continues to engage, in the practice complained of to take unfair advantage of Plaintiff and the Class and enhance its profits.

64.     Defendant's acts described herein are deceptive and misleading in a material way in that they were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.  Specifically, Defendant was in a position to know, and did know, that its conduct violated Florida law, but nonetheless willfully engaged in such unlawful conduct.

65.     Defendant's action constitute deceptive and unfair practices that violate Florida's Deceptive and Unfair Trade Practices Act because the acts and practices are materially deceptive and misleading and such writings deceived the Plaintiff and other members of the Class.

66.     Upon information and belief, Defendant acted and continues to act in an identical or substantially similar manner with respect to the entire putative Class by adopting and implementing identical or substantially similar practices and by imposing substantially similar charges to those putative Class members.

67.     Plaintiff and the Class were damaged by such action in an amount to be determined at trial.

68.     Plaintiff has retained the services of the undersigned counsel who are entitled to a reasonable fee upon prevailing pursuant to Florida Statute § 501.2105.

WHEREFORE, the Plaintiff demands, on behalf of himself and the Class, the following

     A.     The court take jurisdiction of the parties and the subject matter hereto;

B.     The court certify the class as alleged and permit the present cause of action to proceed and be prosecuted as a class action with Plaintiff as the designated class representative;

C.     The court award actual damages as provided by Florida Statute § 501.211(2);

D.     The court enter the appropriate injunctive relief that will prevent the Defendant from any further collection of such monies in the present and/or future;

E.     The court award pre-judgment and post judgment interest to the Class, as allowed by law;

F.     The court award attorneys' fees pursuant to Florida Statute §501.2105

G.     The court enter an order taxing costs, including class notice cost if applicable, against the Defendant; and

H.     The court grant such other and further relief as to the court may appear just and proper.

## Count V
## Unjust Enrichment

69.    The Plaintiff and the Class reallege and reaver paragraphs one through twenty-nine as though fully set forth herein.

70.    As stated above the Plaintiff and the Class members were charged by the Defendant taxes related to items such as excess wear, excess mileage, and disposition fees at the termination of their leases.  These taxes were improperly charged as such penalties and/or fees could be avoided by the Plaintiff and the Class through their own actions during the course of the lease.

71.    The Defendant, however, collected such taxes from the Plaintiff and class

notwithstanding the illegality behind such actions and as noted above the Defendant thereafter placed such monies into its revenue streams and subsequently retained all or some of such monies and/or passed through some or all such monies to the state and/or other entities.

72.     Irrespective of the Defendant's actions after such monies were placed into its revenue streams, the Defendant benefitted in the form of increased profits resulting from the monies retained,  interest it obtained from such monies, and the additional capital it acquired from the monies given to it by the Plaintiff.  Such additional capital and interest monies translated into increased revenues for the Defendant which ultimately resulted in an increase in the Defendant's yearly profit margin.

73.     Such common fund benefit obtained by the Defendant is thereby the amount equal to profits it obtained as a result of the increase in its revenue streams from the imposition of improper taxes.

74.     The Defendant demanded such monies be paid by the Plaintiff and the Class and knowingly and voluntarily accept such monies to obtain the above mentioned benefit.  Under the above described circumstances it would be inequitable for the Defendant to retain the above benefit by collecting taxes which it had no legal right pursuant to Florida law as more fully described above.

75.     In accordance with the above actions the Defendant has been unjustly enriched at the sole expense of the Plaintiff and the Class by charging and accepting monies disguised as applicable taxes to increase its overall revenue stream and to thereby increase its overall profit margin.  Such benefit, i.e. profits, is a common fund that the Plaintiff and the Class collectively have a legal right.

WHEREFORE, the Plaintiff demands, on behalf of himself and the Class, the following

A.   The court take jurisdiction of the parties and the subject matter hereto;

B.   The court certify the class as alleged and permit the present cause of action to proceed and be prosecuted as a class action with Plaintiff as the designated class representative;

C.   The court enter an appropriate money judgment against the Defendant in the amount of profits that it obtained as a result of such benefit being bestowed upon it which the Plaintiff will then allocate the common fund appropriately to the Plaintiff and the Class;

D.   The court enter an order taxing costs, including class notice cost if applicable, against the Defendant; and

E.   The court grant such other and further relief as to the court may appear just and proper.

### Count VI
### Injunctive Relief

76.   The Plaintiff and the Class reallege and reaver paragraphs one through as though fully set forth herein.

77.   As stated above the Plaintiff and the Class members entered into pre-printed lease agreements that contained provisions relative to the assessment of taxes on charges for excess wear, excess mileage, and disposition fees at the termination of their leases.

78.   The taxes to be imposed under the lease agreements violate the Federal Consumer Leasing Act, Florida's Unfair and Deceptive Trade Practices Act, Florida Statute 212.01 *et seq.* and the Florida Constitution.

79.   By continuing to impose these charges Defendants continue to harm the Plaintiff and the Class.

WHEREFORE, the Plaintiff demands, on behalf of himself and the Class, the following

A.      The court take jurisdiction of the parties and the subject matter hereto;

B.      The court certify the class as alleged and permit the present cause of action to

        proceed and be prosecuted as a class action with Plaintiff as the designated class

        representative;

C.      The court enter an order enjoining Defendants from continuing to violate federal and

        state law and the Florida Constitution relative to the imposition and collection of

        taxes;

D.      The court enter an order taxing costs, including class notice cost if applicable, against

        the Defendant; and

E.      The court grant such other and further relief as to the court may appear just and

        proper.

        The Plaintiff demands trial by jury for all counts as stated above.

<div style="margin-left: 40%;">

Downs & Associates, P.A.
Attorneys for the Plaintiff
255 University Drive
Coral Gables, FL 33134
Telephone No.: (305) 444-8226
Facsimile No.: (305) 444-6773

By:     _____

Jeremy D. Friedman, Esquire
Florida bar No.: 134643
David W. Brill, Esquire
Florida Bar No. 959560

                    &

Marc A. Wites, Esquire
Florida Bar No.: 24783
1701 West Hillsboro Blvd., Suite 305
Deerfield Beach, FL 33442
Tel:(954) 570-8989
Fax:(954) 428-3929

</div>

# BMW Financial Services

Motor Vehicle Lease Agreement (Closed End) - Florida



| 1. LESSOR NAME AND ADDRESS | 2. LESSEE NAME(S) AND ADDRESS(ES) |
|---|---|
| | |

| 3. DATE OF LEASE | |
|---|---|
| END OF LEASE DATE (LEASE TERM) | |

4. AGREEMENT TO LEASE. This Motor Vehicle Lease Agreement ("Lease") is entered into between the lessee(s) ("Lessee") and the lessor ("Lessor") named above. "You" and "your" refer to the Lessee(s). "We", "our" and "us" refers to the Lessor. "Vehicle" refers to the leased vehicle described below. You agree to lease the Vehicle from us according to the terms and conditions of this Lease. The consumer lease disclosures contained in this Lease are also made on behalf of BMW Financial Services NA, LLC.

## 5. VEHICLE DESCRIPTIONS

A. LEASED VEHICLE ☐ New ☐ Used ☐ Demo   Primary Use: ☐ Personal, Family or Household ☐ Agricultural, Business or Commercial

| Model Year | Make | Model |
|---|---|---|
| Odometer Reading | Vehicle Identification No. | License |

B. TRADE-IN VEHICLE

Net Credit of Trade-in Vehicle used to Reduce Capitalized Cost  $_____

| Model Year | Make | Model | Payoff | Vehicle Identification No. |
|---|---|---|---|---|
| | | | | |

| 6. AMOUNT DUE AT LEASE SIGNING OR DELIVERY | 7. MONTHLY PAYMENTS | 8. OTHER CHARGES | 9. TOTAL OF PAYMENTS |
|---|---|---|---|
| (Itemized in section 10 below)* | Your first Monthly Payment of $_____ is due on _____ followed by _____ payments of $_____ due on the _____ of each month. The total of your Monthly Payments is $_____ | (Not part of your Monthly Payment) A. Disposition Fee (If you do not purchase the Vehicle at lease end) $ ___350.00 B. $_____ C. $_____ Total $_____ | (The amount you will have paid by the end of the Lease) |
| $_____ | | | $_____ |

## 10. ITEMIZATION OF AMOUNT DUE AT LEASE SIGNING OR DELIVERY

A. AMOUNT DUE AT LEASE SIGNING OR DELIVERY.

| | |
|---|---|
| (1) Capitalized Cost Reduction | $_____ |
| (2) First Monthly Payment | $_____ |
| (3) Refundable Security Deposit | $_____ |
| (4) Title Fees | $_____ |
| (5) Registration Fees | $_____ |
| (6) License Fees | $_____ |
| (7) Sales Tax on Capitalized Cost Reduction | $_____ |
| (8) | $_____ |
| TOTAL | $_____ |

B. HOW THE AMOUNT DUE AT LEASE SIGNING OR DELIVERY WILL BE PAID.

| | |
|---|---|
| (1) Net Trade-in Allowance | $_____ |
| (2) Rebates and Noncash Credits | $_____ |
| (3) Amount to be Paid in Cash | $_____ |
| TOTAL | $_____ |

## 11. YOUR MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW

A. Gross Capitalized Cost. The agreed upon value of the Vehicle ($_____) and any items you pay over the Lease Term (such as service contracts, insurance, and any outstanding prior credit or lease balance). . . . . . . . . . . . . . . . . . . . . . . . $_____
   ☐ If you want an itemization of this amount, please check this box.
B. Capitalized Cost Reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash you pay that reduces the Gross Capitalized Cost. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - $_____
C. Adjusted Capitalized Cost. The amount used in calculating your Base Monthly Payment . . . . . . . . . . . . . . . . . . . . = $_____
D. Residual Value. The value of the Vehicle at the end of the Lease used in calculating your Base Monthly Payment. . . . . . . . . . . . - $_____
E. Depreciation and any Amortized Amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . = $_____
F. Rent Charge. The amount charged in addition to the Depreciation and any Amortized Amounts . . . . . . . . . . . . . . . . + $_____
G. Total of Base Monthly Payments. The Depreciation and any Amortized Amounts plus the Rent Charge . . . . . . . . . . . . = $_____
H. Lease Term. The number of months in your Lease. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ÷ $_____
I. Base Monthly Payment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . = $_____
J. Monthly Sales/Use Tax. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $_____
K. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $_____
L. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + $_____
M. Total Monthly Payment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . = $_____

Early Termination. You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual ...

12. Excessive Wear and Mileage. You will be charged for excessive wear based on our standards for normal use and for mileage in excess of the total miles over the Lease Term of _____, at the rate of _____ per mile (25 cents per mile on all 7 Series).

13. Purchase Option at End of Lease Term. You have an option to purchase the Vehicle at the end of the Lease Term for the Residual Value plus any official fees or taxes or other charges imposed in connection with this Lease and, or purchase.
Other Important Terms. See your Lease documents for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

14. OFFICIAL FEES AND TAXES The total estimated amount you will pay for official and license fees, registration, title and taxes over the Lease Term, whether included in the Monthly Payment or otherwise assessed:   $_____

### 15. MAINTENANCE AGREEMENT

You are not required to buy a maintenance agreement to enter into this Lease. You may buy a maintenance agreement to cover certain maintenance and repairs of the Vehicle, unless the Vehicle is automatically covered under the BMW Maintenance Program. The term of the coverage will be governed by the conditions in your maintenance agreement. If you want to buy this coverage, you have reviewed the terms of the agreement which describe the maintenance and repairs. If a copy of the maintenance agreement is not given to you at the time you enter into this Lease, you should request a copy from your provider.
Maintenance Company Name:_____
☐ You choose to buy a maintenance agreement for $_____ and pay for it during your Lease Term as part of the Monthly Payment. The amount you pay will incur Rent Charge.
☐ You choose to buy a maintenance agreement and pay for it as part of the Amount Due at Lease Signing or Delivery (Section 10 above).

Lessee Initials _____   Co-Lessee Initials _____

### 16. MECHANICAL BREAKDOWN PROTECTION (MBP)

You are not required to buy mechanical breakdown protection (MBP) to enter into this Lease. You may buy MBP to cover certain major mechanical breakdowns of the Vehicle and some related expenses. The term of the coverage will be governed by the conditions in your MBP agreement. If you want to buy this coverage, you have reviewed the terms of the MBP agreement. If a copy of the MBP agreement is not given to you at the time you enter into this Lease, you should request a copy from your provider.

MBP Company Name: _____
☐ You choose to buy MBP for $_____ and pay for it during your Lease Term as part of the Monthly Payment. The amount you pay will incur Rent Charge.
☐ You choose to buy MBP and pay for it as part of the Amount Due at Lease Signing or Delivery (Section 10 above).

Lessee Initials _____   Co-Lessee Initials _____

### 17. WARRANTIES

The Vehicle is subject to the standard manufacturer's warranty. The Vehicle is also covered by the following, if checked:
☐ Remainder of the standard manufacturer's warranty if the Vehicle is not a new vehicle.
_____
☐ _____
_____

LESSOR MAKES NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESSED OR IMPLIED AS TO THE VEHICLE OR ANY OF ITS PARTS OR ACCESSORIES. LESSOR MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS OF THE VEHICLE FOR ANY PARTICULAR PURPOSE OR ANY OTHER REPRESENTATION OR WARRANTY, UNLESS REQUIRED BY LAW. YOU ACKNOWLEDGE THAT YOU ARE LEASING THE VEHICLE FROM THE LESSOR "AS IS".

### 18. MILEAGE ALLOWANCE

_____ You agree this is the total allowed mileage for your Lease Term.
☐ If this box is marked, you purchased extra mileage over the standard allowance.
*Extra Mileage Refund at the Scheduled End of this Lease.* If you purchased extra mileage, you may receive a refund of _____ per unused mile for the number of unused miles (20 cents per mile on all 7 Series) less any amount you owe under this Lease. You will not receive a refund if the vehicle is destroyed or stolen, if you default or terminate this Lease early, if you exercise the purchase option or the refund is less than $1.
*Excess Mileage.* At the scheduled end of this Lease you must pay Lessor ___20___ cents per mile (25 cents on all 7 Series) for each mile in excess of _____

### ADDITIONAL FLORIDA LEASE DISCLOSURES

**THIS IS A LEASE AGREEMENT. THIS IS NOT A PURCHASE AGREEMENT. PLEASE REVIEW THESE MATTERS CAREFULLY AND SEEK INDEPENDENT PROFESSIONAL ADVICE IF YOU HAVE ANY QUESTIONS CONCERNING THIS TRANSACTION. YOU ARE ENTITLED TO AN EXACT COPY OF THE AGREEMENT YOU SIGN**
**CAPITALIZED COST  $_____. (YOUR TOTAL COST OF GOODS, SERVICES & FEES.)**
**CAPITALIZED COST-REDUCTION  $_____ . (YOUR TOTAL CREDITS.)**
**ADJUSTED OR NET CAPITALIZED COST $_____. (YOUR NET COST OF GOODS, SERVICES, & FEES.)**

### INDIVIDUAL LESSEE SIGNATURE(S)

Lessee's Signature X _____ | Lessee's Signature X _____

### BUSINESS LESSEE'S SIGNATURE

Lessee Business Name: _____ | Title, Signature of Authorized Representative X _____

### GUARANTY

I unconditionally guarantee the payment and performance by the Lessee of all promises contained in this Lease. Upon default, Lessor may proceed against me without first proceeding against the Lessee. My liability will be primary and will not be affected by any settlement, extension, renewal or modification of this Lease whether or not by operation of law. I waive all right to demands and presentments. I agree to pay all expenses (including attorney's fees and legal expenses) incurred by Lessor if Lessor has to enforce this Guaranty. My obligation under this Guaranty shall be joint and several if there is more than one guarantor.

Guarantor's Signature X _____ | Guarantor's Signature X _____

### LESSOR'S ACCEPTANCE AND ASSIGNMENT

The authorized signature of Lessor indicates Lessor has accepted the terms, conditions and obligations of this Lease. Lessor hereby assigns to BMW Financial Services NA, LLC all right, title and interest in the Vehicle. This Lease, including all amounts to become due under it, and any guaranty, are subject to the provisions of the Dealer Agreement between Lessor and BMW Financial Services NA, LLC.

Lessor Name _____ | Signature of Authorized Representative X _____

**19. PURCHASE OPTION.** You have an option to purchase the Vehicle AS-IS, WHERE-IS, if: (i) you give us 30 days advance written notice; and (ii) you are not in default under this Lease. You agree to re-register and retitle the Vehicle in your name at the time you purchase the Vehicle. If you fail to do so, we reserve the right to cancel the registration.

END OF LEASE TERM. If you purchase the Vehicle at the end of the Lease Term, you will pay us the Residual Value (Section 11.D) plus any official fees or taxes or other charges to satisfy your obligations under this Lease added in connection with the purchase.

PRIOR TO END OF LEASE TERM. If you purchase the Vehicle prior to the end of the Lease Term, you will pay us (i) the actuarial payoff (Section 22); plus (ii) an early termination fee of $250.00; plus (iii) any unpaid Monthly Payments due; plus (iv) any official fees and taxes assessed or billed in the future; and any other charges to satisfy your obligation under this Lease.

**20. RETURN OF VEHICLE AND END OF LEASE TERM LIABILITY.** If you do not purchase the Vehicle, you must return it to the place we specify with all parts and accessories and in good working order. The Vehicle must have 5 serviceable tires with tread of at least 1/8", all of the same grade and quality as those delivered with the Vehicle. Upon return, you must sign a completed Vehicle Condition Report and Federal Odometer Statement, which we may use in determining whether there is excess wear and use and, or excess mileage. Your End of Lease Term Liability is: (a) the Disposition Fee (Section 8.A); plus (b) any unpaid Monthly Payments due and any other amounts due under this Lease; plus (c) any excess mileage (Section 12, 18) and Excess Wear and Use charges (Section 31); plus (d) any official fees or taxes assessed or billed in connection with this Lease. You must pay us your End of Lease Term Liability when we bill you. If you fail to return the Vehicle, you must continue to pay an additional Monthly Payment for each month until the time you return the Vehicle. Payment of this amount will not allow you to keep the Vehicle or automatically extend this Lease. This Monthly Payment may differ from your scheduled Monthly Payment under the original terms of this Lease.

**21. EARLY TERMINATION OF THE LEASE.** You may terminate this Lease at any time if you are not in default (Section 34). If you do not purchase the Vehicle, you must return it to the place we specify with all parts and accessories and in good working order. The Vehicle must have 5 serviceable tires with tread of at least 1/8", all of the same grade and quality as those delivered with the Vehicle. Your Early Termination Liability is: (a) the Early Termination Cost (Section 22); plus (b) if we terminate this Lease because you are in default, all collection costs, and to the extent permitted by law, court costs and reasonable fees of attorneys who are not our salaried employees. You must pay us your Early Termination Liability when we bill you.

**22. EARLY TERMINATION COST.** For the purpose of figuring your Early Termination Liability (Section 21), the Early Termination Cost is: (a) any unpaid Monthly Payments due; plus (b) any official fees and taxes assessed or billed in connection with this Lease and any other charges to satisfy your obligation under this Lease, including repair charges, at termination; plus (c) an early termination fee of $250.00; plus (d) the Disposition Fee (Section 8.A); plus (e) the actuarial payoff; minus (f) the Estimated Value of the Vehicle (Section 23). You may be liable for any excess wear and use charges and excess mileage charges upon the return of your Vehicle which will be billed to you. Your actuarial payoff is the total of Base Monthly Payments remaining until the end of your Lease, plus the Residual Value, minus the unearned Rent Charges remaining until the end of your Lease. We compute Rent Charges based upon the actuarial method which means we earn our monthly Rent Charges during your Lease on a constant yield method based upon your declining Lease balance, assuming your Base Monthly Payments have been received on their scheduled due dates. We may use some or all of your security deposit to pay what you owe.

**23. ESTIMATED VALUE OF THE VEHICLE.** For the purpose of figuring your Early Termination Cost (Section 22), the Estimated Value of the Vehicle is the value in the current Black Book Wholesale Average Condition for your region. In the event Black Book does not quote such a value, the average wholesale trade-in value of the Vehicle as published in the current N.A.D.A. Official Used Car Guide Wholesale Average Condition for your region will be used to determine the Estimated Value of the Vehicle. If you disagree with the Estimated Value of the Vehicle, you may obtain, at your own expense within 10 days from the date the Vehicle is returned to us, from an independent third party agreeable to both you and us, a professional appraisal of the wholesale value of the Vehicle which could be realized at sale, which will then be final and binding upon you and us.

**24. INSURANCE-EARLY TERMINATION.** If the Vehicle has been stolen or destroyed your Early Termination Liability is the amount of any proceeds of your total loss insurance claim coverage maintained by you for the Vehicle plus any deductible amounts under the terms of the policy, unpaid Monthly Payments due, any official fees and taxes assessed or billed in connection with this Lease and any other charges to satisfy your obligations under this Lease.

**25. REFUNDABLE SECURITY DEPOSIT.** We may use some or all of your Security Deposit to pay what you owe under this Lease. The Security Deposit cannot be used to pay any Monthly Payment. You will not earn interest, insurance or profits on your Security Deposit. We may commingle your Security Deposit with our general funds; any interest or monetary benefit to us will not be paid to you nor applied to what you owe under this Lease. After you have paid all your obligations to us under this Lease, we will refund to you any part of your Security Deposit that is not used to pay what you owe us.

## INSURANCE, MAINTENANCE & OPERATION

### 26. VEHICLE INSURANCE.

**YOU AGREE THAT YOUR OWN LIABILITY AND PERSONAL INJURY PROTECTION INSURANCE WILL PROVIDE PRIMARY INSURANCE COVERAGE UP TO ITS FULL POLICY LIMITS UNDER THIS AGREEMENT. THE VALID AND COLLECTIBLE LIABILITY INSURANCE AND PERSONAL INJURY PROTECTION INSURANCE OF ANY AUTHORIZED RENTAL OR LEASING DRIVER IS PRIMARY FOR THE LIMITS OF LIABILITY AND PERSONAL INJURY PROTECTION COVERAGE REQUIRED BY SECTIONS 324.021(7) AND 627.736, FLORIDA STATUTES.** You agree to provide the following types and amounts of primary insurance during the Lease Term: a. Public Liability for bodily injury or death to any one person for not less than $100,000 and for any one occurrence for not less than $300,000; b. Property Damage Liability for not less than $50,000; c. Comprehensive Liability, including fire and theft, for the Vehicle's actual value (payable in cash and not by a replacement vehicle) with a maximum deductible of $1,000; d. Collision Liability for the Vehicle's actual value (payable in cash and not by a replacement vehicle) with a maximum deductible of $1,000. The policy(ies) must name us as an additional insured and loss payee. The policy must provide us with at least 30 days' advance notice of cancellation. We have the right to endorse your name on any insurance check or settlement we receive. If you fail to give us proof of this insurance, we may purchase it to protect our interest in the Vehicle. You may pay the cost of the insurance we purchase when we bill you. The cost of this insurance may be more than the cost of insurance you obtain. If you do not pay the cost of the insurance we purchase, we will add the amount to what you owe under this Lease, and the amount added will incur Rent Charge. The insurance we purchase may not cover your interest in the Vehicle. If you later give us proof of insurance, we will cancel the insurance we purchased. Any refunds of premium and Rent Charge will be used to reduce what you owe us under this Lease. NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.

**27. TOTAL LOSS PROTECTION.** If the Vehicle is damaged, stolen or destroyed and considered a total loss under your insurance coverage, and you have maintained the vehicle insurance (Section 26) required by this Lease, we will waive the "gap amount" upon receipt of: (a) the proceeds of insurance coverage maintained by you for the Vehicle; (b) the deductible amount under your insurance coverage; (c) any unpaid Monthly Payments due; and (d) any official fees or taxes assessed or billed in connection with this Lease and; any other charges to satisfy your obligations under this Lease. The "gap amount" is the difference between the actuarial payoff (Section 22) and the sum of sections (a), (b), (c) and (d) while in the event of total loss.

28. VEHICLE ...governmental agency. If the Vehicle is not considered a total loss we may terminate this Lease. Your liability will be any unpaid Monthly Payments due, any official fees and taxes assessed or billed in connection with this Lease, any other charges to satisfy your obligations under this Lease minus your insurance proceeds. If the Vehicle is stolen or destroyed, another vehicle may be substituted in its place only if you and we agree to the substitution. We have no obligation to provide a substitution vehicle. If the Vehicle is damaged and we do not terminate this Lease because the Vehicle is reasonably repairable, you must have the repairs made to our satisfaction at your expense.

**29. VEHICLE USE.** You promise that you will not (and you will not permit others to): (a) use the Vehicle for any illegal purpose; (b) drive the Vehicle without a valid driver's license; (c) garage the Vehicle outside the state where you reside when you sign this Lease for more than 30 days without our prior written permission; (d) take the Vehicle outside the United States, except for less than 30 days in Canada; (e) use the Vehicle to transport goods or persons for hire, or for lease or rental to others; or (f) allow a third party to operate the Vehicle for an extended period of time without written permission from us.

**30. VEHICLE OPERATION.** You are responsible for maintaining the Vehicle in good order and condition. You must pay all servicing expenses including gasoline, oil, tires, and expenses of maintenance and repair. You must have the Vehicle serviced in accordance with the manufacturer's recommendations. You must not make any alterations that decrease the Vehicle's value or usefulness or that violate the law. If you add equipment to the Vehicle and it cannot be removed or modified without decreasing the Vehicle's value or usefulness when the Vehicle is returned to us, the equipment will become our property. We may inspect the Vehicle at any reasonable time. You will also keep complete maintenance booklets and return them with the vehicle.

**31. EXCESS WEAR AND USE.** The following are applicable for determining excess wear and use. You must pay us the costs of all repairs to the Vehicle that are not the result of normal wear and use, whether or not the Vehicle is repaired. These costs include, but are not limited to: (a) repair of all mechanical defects, and any damage remaining after substandard repairs; (b) repair or replacement of all dented, scratched, chipped, rusted or mismatched body parts, paint, or vehicle identification items; (c) repair or replacement of dented, scratched, rusted, pitted or broken or missing trim and grill work; (d) repair or replacement of broken or burned out lights, or scratched, cracked, pitted or broken glass; (e) replacement of any missing parts accessories or adornments; (f) repair of any damage that makes the Vehicle unlawful or unsafe to drive, or (g) repair of all damage that would be covered by collision or comprehensive insurance whether or not the insurance is actually in force.

**ADDITIONAL INFORMATION**

**32. TAXES, REGISTRATION AND TITLING.** You must pay when due all registration, title, license, inspection fees and other official fees and taxes (other than our income taxes) in connection with the Vehicle. If a fee or tax incurred during the Lease Term is not assessed or billed until after the Lease Term, you must pay such fee or tax when we bill you. If you move to another location during the Lease Term you agree to pay us a $25 handling fee to process registration, title and license documents in addition to the actual official fees. If at any time during the Lease Term you live in a location that assesses personal property taxes in connection with the Vehicle, you agree to pay us when we bill you, including any bill which may not be sent to you until after this Lease ends.

**33. LATE CHARGE; RETURNED CHECK CHARGE.** If we do not receive your total Monthly Payment within 10 days of its due date, you must pay a late charge of 5% of the amount of the payment that is late or $25, whichever is greater, or, to the extent of the applicable state law. If any check or payment item is returned to us unpaid for any reason, or if any electronic debit authorization is not paid, you must pay us a $15 service charge per item when we bill you.

**34. DEFAULT.** You will be in default under this Lease if: (a) you fail to make a Monthly Payment when due; or (b) you fail to keep any of your promises under this Lease; or (c) you or a guarantor becomes insolvent or die; or (d) if any information in your credit application or a guarantor's credit application is false or misleading. If you are in default, we may do any or all of the following: (i) take any reasonable measures to correct the default or save us from loss, and you must pay us our cost and expenses; or (ii) subject to your right to reinstate your Lease for failing to make a payment when it is due, terminate this Lease and your rights to possess and use the Vehicle, and if you do not return the Vehicle to us voluntarily, take possession of the Vehicle by any method permitted by law; (iii) determine your Early Termination Liability (Section 21) which you must pay when we bill you; or (iv) pursue any other remedy permitted by law. We may use some or all of your security deposit to pay what you owe. If we get back the Vehicle we may dispose of it by public or private sale. We will add to the amount you owe all related expenses, fees, and legal costs including attorney's fees we incurred to repossess, store, restore, and/or dispose of the Vehicle.

**35. REIMBURSEMENT.** You must reimburse us for any amount of loss, liability or other expense including attorney's fees arising from the operation, condition, use or ownership of the Vehicle, including claims made under the strict liability legal doctrine. If you fail to pay any fine or parking ticket, we may pay such fine or ticket on your behalf. You must pay us the amount we pay plus a handling fee of $25 when we bill you.

**36. GENERAL.** (a) You have no right to assign any of your rights under this Lease or in the Vehicle. We may assign our interests under this Lease without your consent. (b) We may waive or delay enforcement of our rights under this Lease without affecting our rights on future defaults. (c) Any part of this Lease which is not enforceable shall not affect the validity of the remainder of this Lease. (d) We have relied upon the driver information in your credit application in entering this Lease and you represent that this information is correct. (e) At the end of the Lease Term or when this Lease terminates, you must cooperate by completing an odometer disclosure statement. If the Vehicle's odometer becomes inoperative or malfunctions, you must notify us, and have the odometer repaired within 30 days. (f) If more than one Lessee signs this Lease, each Lessee shall be jointly and severally liable for all obligations under this Lease. (g) Except as may otherwise be provided by law, this Lease will be subject to the laws of the state where you sign it. (h) This Lease describes all agreements between you and us with respect to the Lease of the Vehicle. (i) You may not change or stop any lease payments for any reason, even if you do not receive an invoice, and even if the Vehicle is stolen, destroyed, seized by the government or the court, experiences mechanical problems, or does not satisfactorily perform. (j) All prior agreements, whether oral or in writing, are superseded. (k) You represent that your driver's license and the driver's license of any authorized driver has not been revoked or suspended within the last 5 years. (l) Lessor shall not be responsible at any time for any personal property in the Vehicle. (m) Lessor owns the Vehicle.

The printing contained in this box is not part of your lease agreement.
LESSOR'S ASSIGNMENT
For value received, Lessor warrants to BMW FS that: A. This agreement: (1) has been fully and accurately completed and executed by the Lessee(s) identified on the face of this agreement, (2) describes a valid deferred payment obligation entered into by a competent Lessee of legal age and is legally enforceable by BMW FS, (3) Lessor is not in default as of the time BMW FS becomes obligated to pay the purchase price for this agreement; B. Neither Lessor nor any of its employees has made any oral or written promise, affirmation, warranty, or representation to Lessee that is not contained in this agreement; C. Lessor does not know of any fact which indicates the uncollectability of this agreement; D. Prior to the delivery of the Vehicle, Lessee paid the amount due at lease signing set forth in this agreement, and that no part of said sum has been loaned or otherwise provided directly or indirectly by Lessor; E. The Vehicle was delivered at Lessor's place of business and accepted by Lessee together with all accessories and options agreed to by Lessee; F. Lessor furnished BMW FS all credit information received from Lessee relative to this agreement and such information is true, complete, and accurate.
(See other side for Lessor's signature to the above)

04/18/2003  10:52    954-785-     AUTO DIRECT-SHEEHA           04/22/03  08:26am  P. 003

03/24/2003  16:51    9547644942    SUN COAST HEALTHCARE         PAGE  02

 **BMW Financial Services**



March 15, 2003

Mr, John Monaco
3271 Seaward Dr
Pompano Beach, FL 33062-6840

Account Number: 3000239971
Vehicle: 2000 BMW 328i
VIN: WBAAM5348YFR18587
Term: 36 months

Dear Mmr. John Monaco :

Thank you for choosing BMW Financial Services to meet your vehicle leasing needs. We hope that
you will consider using BMW Financial Services in the future should the opportunity arise. The
information listed below represents your end of lease charges, calculated as follows:

| ITEM | CHARGE |
|---|---|
| Account Balance Brought Forward | $0.00 |
| Excessively Worn or Mismatched Tires | 0.00 |
| Glass Repair or Replacement | 0.00 |
| Interior Damages or Excess Wear | 100.00 |
| Exterior Damage or Excess Wear | 0.00 |
| Mechanical Problems or Excess Wear | 0.00 |
| **Total Excess Wear and Tear Charges** | **100.00** |
| Excess Mileage or Kilometers Charge | 817.60 |
| Termination/Disposition Fee | 350.00 |
| Use Tax/Applicable Sales Tax | 76.06 |
| Personal Property Tax | 0.00 |
| **Total of Charges** | **$1,343.66** |
| Refundable Security Deposit | $0.00 |
| **Net Balance Due** | **$1,343.66** |

*[handwritten: $800, 350, 1150]*

Please make your check payable to BMW Financial Services. To ensure proper credit, please
include your account number on the check.

4515 Carlponter Circle
Dublin, OH 43017-3634

Mailing Address
P O. Box 3608
Dublin, OH 43016-0308

General
(615) 718-8000

Facsimile
(800) 820-4298

Customer Care
Department
1-800-578-4000

Website
www.bmwfs.com

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

03-21971

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

John Monaco, individually and on behalf of all others similarly situated

## DEFENDANTS

BMW Financial Services NA, LLC

**CIV-SEITZ**

**MAGISTRATE BANDSTRA**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Dade1:03CV21971PAS|TGB

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeremy F. Friedman, Esq.
255 University Drive
Coral Gables, FL 33134

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | PERSONAL INJURY | A TORTS | PERSONAL INJURY | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 362 Personal Injury — Med Malpractice | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 365 Personal Injury — Product Liability | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | | ☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| A REAL PROPERTY | A CIVIL RIGHTS | | PRISONER PETITIONS | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☐ 442 Employment | | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | B☐ 530 General | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | | | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | B☐ 550 Civil Rights | | | |
| | | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. 1367, Violation of Consumer Leasing Act

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☒ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____  DOCKET NUMBER _____

DATE 07/23/2003

SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

$150.00   886345

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____